# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                    CASES NO. 5:16cr6-RH

ARTHUR KYLE LANGE,

      Defendant.

_____/

## ORDER DENYING A SENTENCE REDUCTION

The defendant Arthur Kyle Lange has served roughly 94 months on a 130-month sentence in the Bureau of Prisons. He has moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which allows a reduction for "extraordinary and compelling reasons." This order denies the motion.

I

Federal law has long allowed a district judge to reduce a sentence based on "extraordinary and compelling reasons" or in other narrowly defined circumstances. 18 U.S.C. § 3582(c)(1)(A). This is sometimes referred to rather imprecisely as "compassionate release."

Until recently, a district court could grant such a sentence reduction only on motion of the Director of the Bureau of Prisons. The First Step Act changed this, allowing a sentence reduction on the motion of the Director *or the defendant*. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238. A defendant may file such a motion after exhausting administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Or the defendant may file such a motion without exhausting administrative remedies if more than 30 days have passed since the defendant delivered a request for relief to the warden of the defendant's facility. *Id*.

Mr. Lange filed this motion more than 30 days after requesting relief from the warden. He has met the exhaustion-or-30-days requirement.

II

The statute allows a sentence reduction if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute also allows a reduction for a defendant over age 70 who meets other criteria, but Mr. Lange is age 38; he does not seek relief based on the over-70 provision.

Mr. Lange invokes two allegedly "extraordinary and compelling reasons" for a sentence reduction: first, his post-sentencing rehabilitation; and second, the

change in law brought about by *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc). These are not grounds on which a court may reduce a sentence. *See* U.S. Sentencing Guidelines Manual § 1B1.13(d) ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for a § 3582(c)(1)(A) sentence reduction); *id.* § 1B1.13(c) (with exceptions not applicable here, "a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists").

In any event, that a defendant is *eligible* for a sentence reduction does not mean a court should exercise its discretion to *grant* a reduction. The governing statute, § 3582(c)(1)(A), explicitly requires the court to consider the § 3553(a) sentencing factors to the extent applicable. Based on the entire record, including the presentence report, I conclude as a matter of discretion that Mr. Lange's sentence should not be reduced.

### III

For these reasons,

IT IS ORDERED:

1. The motion for a sentence reduction, ECF No. 45, is denied.

2. The motion to expand the record, ECF No. 44, is granted.

Cases 5:16cr6-RH

3. The clerk must provide copies of this order to Mr. Lange himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on December 16, 2023.

s/Robert L. Hinkle
United States District Judge